J-A13012-16

2017 PA Super 8

| | |
|---|---|
| BARBARA A. DITTMAN, GARY R. DOUGLAS, ALICE PASTIRIK, JOANN DECOLATI, TINA SORRENTINO, KRISTEN CUSHMAN AND SHANNON MOLYNEAUX, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| UPMC D/B/A THE UNIVERSITY OF PITTSBURGH MEDICAL CENTER, AND UPMC MCKEESPORT | |
| Appellees | No. 971 WDA 2015 |

Appeal from the Order Entered May 28, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No: GD14-003285

BEFORE: OLSON, STABILE, and MUSMANNO, JJ.

CONCURRING STATEMENT BY STABILE, J.:         **FILED JANUARY 12, 2017**

I join the Majority's opinion today, but write merely to express my view that in this constantly developing area of law and technology we must proceed to establish precedent slowly and with caution. Today's decision should stand for no more than the conclusion that a legal duty was not found to exist under the facts as pled in this case. As the Majority notes, the Appellants failed to make allegations of specific threats and problems with UPMC's computer system to alter the finding of no duty in this case. **See** Maj. Op. at 8 n.4 (citing **In re: The Home Depot, Inc. Customer Data Security Breach Litigation**, 2016 WL 2897520 (N.D. Ga., May 18, 2016)).

Had UPMC been on notice of actual or potential security breaches of its systems, or reasonably should have anticipated that the negligent handling of confidential information would have left it vulnerable to criminal activity,[1] a different conclusion may have been reached under the factors of the **Althaus**[2] test.

I also agree under the second factor of the **Althaus** test that there is significant social utility in companies like UPMC being able to store information electronically. The entire world is moving towards electronic storage of information. With this will come a greater awareness of what is reasonable in terms of the care and storage of confidential information. At some point, the balance of weighing social utility in favor of data storage entities may shift more in favor of persons like Appellants. When harm becomes foreseeable under circumstances that commonly are understood to render storage vulnerable, the fourth **Althaus** factor may weigh in favor of imposing additional duties upon an actor even absent legislative action. As for the fifth and final factor under the **Althaus** test (the overall public interest), I believe that this factor too may shift as the foreseeability of harm changes with the evolution and increased use of this technology.

Judge Olson joins this Concurring Statement.

---

[1] As the Majority notes, citing **Mahon v. Am-Guard, Inc.**, 841 A.2d 1052, 1060-1061 (Pa. Super. 2003).

[2] **Althaus v. Cohen**, 756 A.2d 1166 (Pa. 2000).